IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RONALD A. WARE**                                                              **PLAINTIFF**

**v.**                                             **CAUSE NO. 1:20CV103-LG-RHW**

**MANDAL AUTOMOTIVE GROUP INC. d/b/a**
**MANDAL BUICK GMC and JOHN DOE**                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

BEFORE THE COURT is the [3] Motion to Dismiss filed by Defendant Mandal Automotive Group Inc. d/b/a Mandal Buick GMH ("Mandal"). The Motion argues that Plaintiff Ronald A. Ware's Complaint does not contain sufficient factual allegation to state a premises-based negligence claim. Plaintiff filed a response in opposition. Having considered the submissions of the parties, the record, and relevant law, the Court finds that Defendant's Motion should be granted.

### I. BACKGROUND

Plaintiff filed this slip and fall action in the Circuit Court of Harrison County, Mississippi on February 6, 2020. The Complaint makes the following factual allegations: (1) Plaintiff was a business invitee at Mandal's D'Iberville, Mississippi dealership on November 6, 2018; (2) Plaintiff entered the dealership's service department for a typical oil change; (3) as Plaintiff stepped out of his vehicle and onto the pavement, he slipped and fell; (4) Plaintiff then got himself up and slowly walked into the service area; (5) one of Mandal's employees asked Plaintiff what happened, Plaintiff told the employee that he fell, and then Plaintiff painfully

hopped to his vehicle and went to the hospital. (Compl. 2, ECF No. 1-1.) Plaintiff alleges that Mandal and the dealership manager (John Doe) owed Plaintiff a duty of reasonable care but "negligently failed to maintain a reasonably safe premises and to warn Plaintiff of any hazardous/dangerous conditions on [the] premises," which proximately caused Plaintiff physical injury and monetary damages. (*Id.* at 2-3.)

On March 16, 2020, Defendant Mandal removed the case and, shortly thereafter, filed the instant Motion to Dismiss. The Motion to Dismiss argues that "Plaintiff did not include any specific facts in his complaint to support his claims that Mandal was negligent and caused him damage." (Mem. Supp. Mot. Dismiss 3, ECF No. 4.) More specifically, says Mandal, "Plaintiff did not identify the allegedly dangerous condition that he contends Mandal failed to warn of. Nor did he plead specific facts as to what he claims made Mandal's premises unsafe." (*Id.*) Mandal characterizes Plaintiff's allegations as "legal conclusions masquerading as factual conclusions." (*Id.*)

## II. DISCUSSION

a. <u>Legal Standards</u>

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* at 664. A claim is facially plausible "when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In deciding a Rule 12(b)(6) motion, the Court accepts all well pleaded facts as true and views them in the light most favorable to Plaintiff. *New Orleans City v. Ambac Assur. Corp.*, 815 F.3d 196, 199 (5th Cir. 2016).

b. <u>Analysis</u>

The parties agree that Mississippi state law provides the substantive law governing the claims at issue in this case.[1] "'To prevail in [his] premises-liability action, [Plaintiff] must show (a) that [Defendants] owed a duty to [Plaintiff]; (b) that [Defendants] breached that duty; (c) damages; and (d) a causal connection between the breach of that duty and the damages, such that the breach is the proximate cause of [Plaintiff's] injuries.'" *O'Bryant v. Walgreen Co.*, 387 F. Supp. 3d 693, 695 (S.D. Miss. 2019), *aff'd*, No. 19-60363, 2020 WL 996464 (5th Cir. Feb. 28, 2020) (alterations in original) (quoting *Galanis v. CMA Mgmt. Co.*, 175 So. 3d 1213, 1216 (Miss. 2015)).

Plaintiff alleges that he was an invitee on Mandal's premises. The premises owner owes the invitee "the duty to keep the premises reasonably safe, and when not reasonably safe, to warn only where there is hidden danger or peril that is not

---

[1] This Court proceeds in diversity under 28 U.S.C. § 1332. Thus, the law of the forum state, Mississippi, applies. *Capital City Ins. Co. v. Hurst,* 632 F.3d 898, 902 (5th Cir. 2011); *Smith v. Goodyear Tire & Rubber Co.,* 495 F.3d 224, 228 (5th Cir. 2007). State law is determined by looking to the decisions of the state's highest court. *St. Paul Fire & Marine Ins. Co. v. Convalescent Servs., Inc.,* 193 F.3d 340, 342 (5th Cir. 1999).

in plain and open view." *Cheeks v. AutoZone, Inc.*, 154 So. 3d 817, 822 (Miss. 2014) (citations and internal quotation marks omitted). Thus, for Plaintiff to demonstrate that Mandal breached its alleged duty of reasonable care, he "must first prove that a dangerous condition existed that led to [his] alleged injury." *Trull v. Magnolia Hill, LLC*, 171 So. 3d 518, 520 (Miss. Ct. App. 2014). Then "he must show [that] the proprietor had actual knowledge of a dangerous condition, *or* [that] the dangerous condition existed for a sufficient amount of time to establish constructive knowledge, . . . *or* [that] the dangerous condition was created through a negligent act of [the] proprietor or his employees." *Munford, Inc. v. Fleming,* 597 So.2d 1282, 1284 (Miss. 1992).

Plaintiff alleges only that he stepped out of his vehicle on Mandal's premises, slipped, and fell. He otherwise asserts in conclusory fashion that Mandal failed to maintain the premises or warn of a hidden dangerous condition. But what was the dangerous condition that supposedly caused Plaintiff to slip and fall? Had liquid pooled on the ground? Was the ground covered in grease? Did the plaintiff simply lose his balance and fall to the ground? It is a mystery. And specific facts, essential to a slip and fall claim under Mississippi law are simply not discernable in this complaint.

A plaintiff is the master of his own initial pleading: the complaint. Fed. R. Civ P. 8 requires only a short and plain statement, but it does not absolve a plaintiff of alleging facts that establish each and every essential element of the claims alleged. Because Plaintiff has failed to allege facts demonstrating that Mandal

breached its duty of care owed to a business invitee under Mississippi law, Plaintiff has failed to state a claim for which relief may be granted. However, he will be given an opportunity to amend his pleadings to rectify this deficiency.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [3] Motion to Dismiss filed by Defendant Mandal Automotive Group Inc. d/b/a Mandal Buick GMH is **GRANTED**. Plaintiff Ronald A. Ware's Complaint is **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiff is granted leave to file an amended complaint within 10 days of this Order's entry. Failure to timely file an amended complaint will result in the entry of a final judgment dismissing Plaintiff's claims with prejudice.

**SO ORDERED AND ADJUDGED** this the 28th day of April, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE